```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
SHARIFUL MINTU,                                            :
                                                           :
                          Plaintiff,                       :
                                                           :     22-CV-2065 (VSB)
              -against-                                    :
                                                           :          ORDER
ALEJANDRO MAYORKAS, et al.,                                :
                                                           :
                          Defendants.                      :
                                                           :
-----------------------------------------------------------X
```

<u>VERNON S. BRODERICK</u>, United States District Judge:

      Pro se Plaintiff filed this action on March 14, 2022.  (Doc. 1.)  On March 24, 2022, Chief Judge Laura Taylor Swain granted Plaintiff *in forma pauperis* ("IFP") status.  (Doc. 4.)  This case was then reassigned to me on March 28, 2022.  On March 31, 2022, I issued an Order of Service directing the U.S. Marshals Service to serve the summons and complaint on Defendants. (Doc. 6.)

      Plaintiff bears the burden of notifying Defendants of his claims against them.  *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)."); *see also Henderson v. United States*, 517 U.S. 654, 672 (1996) ("[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections.").  Although Plaintiff, proceeding IFP, is entitled to rely on the U.S. Marshals Service to effect service, *see, e.g., Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013), ensuring that the Marshals complete service of all Defendants is ultimately Plaintiff's responsibility.  *See, e.g., Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (affirming the

dismissal of a pro se plaintiff's case because she failed to request an extension of time for the Marshals to effect service); *cf. 5 Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) ("When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." (internal quotation marks omitted).)

It has now been over ninety days since I ordered the U.S. Marshals Service to effect service on Defendants, but Plaintiff has not filed an affidavit of service on the docket. Plaintiff is warned that failure to serve Defendants, or to demonstrate good cause for failure to serve Defendants, within ninety days after the complaint was filed is grounds for dismissal of the action pursuant to Federal Rule of Civil Procedure 4(m).

Accordingly, it is hereby:

ORDERED that Plaintiff file an affidavit of service on or before July 21, 2022. Plaintiff's failure to file an affidavit of service by that date may result in dismissal of the action pursuant to Rule 4(m).

SO ORDERED.

Dated: July 1, 2022
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge